UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO B. ADAMS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-05-720 |
| | : | |
| CRAIG APKER, | : | (Judge McClure) |
| | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

April 18, 2005

**Background**

Antonio B. Adams, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is accompanied by an in forma pauperis application. Named as sole Respondent is LSCI-Allenwood Warden Craig Apker.

Petitioner describes himself as being "a native and citizen of Jamaica" who entered the United States in 1999. Record document no. 1, p. 2. He admits having

1

entered a guilty plea to a drug related offense in the United States District Court for the Western District of Missouri. As a result of that conviction, he was sentenced on December 17, 2003 to a sixty (60) month term of imprisonment. Petitioner is presently serving that sentence at LSCI-Allenwood. On March 5, 2004, the Bureau of Immigration and Customs Enforcement (BICE)[1] lodged a detainer against Adams for purposes of conducting a "deportation investigation." Id. at p. 3.

His instant habeas petition challenges his federal criminal conviction on the basis that he "did not know of his right to consult his native country's Consulate Diplomate [sic] officer to obtain proper assistance."[2] Id. He adds that the failure of government officials to apprise him of his right under 8 C.F.R. § 242 to seek assistance from consular authorities constituted an abuse of discretion and violated his due process and equal protection rights as well as Article 36 of the Vienna Convention on Consular Relations. Adams, relying upon INS v. St. Cyr, 533 U.S. 289 (2001), similarly attacks the legality of the BICE's detainer on the basis of the

---

[1] On March 1, 2003, the Immigration and Naturalization Service (INS) was transferred into the Department of Homeland Security and divided into three compartments. One of the compartments, the BICE, is responsible for the investigative and enforcement duties of the former INS.

[2] Adams acknowledges that he was represented by both privately retained and court appointed counsel throughout his criminal proceedings.

purported failure to notify him of his right to request assistance from the Jamaican consulate.[3]  Petitioner seeks his immediate release and asks that his criminal conviction be overturned.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10,

---

[3] Petitioner notes that the placement of the detainer prohibits his eligibility for various institutional programs including release to a halfway house.

15 (1st Cir. 1991).

**<u>Criminal Conviction</u>**

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., <u>United States v. Addonizio</u>, 442 U.S. 178, 179 (1979). Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added). In his instant action, Adams is in part challenging the legality of his federal guilty plea in the Western District of Missouri. Therefore, § 2255 would ordinarily be the proper vehicle for Petitioner's claims.

During 1996, Congress imposed limitations on the availability of collateral attack of convictions and sentences through amendments to § 2255.[4] Originally

---

[4] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). As part of AEDPA, 28 U.S.C. §§ 2254 and 2255 were amended, limiting the availability of collateral review for all motions brought under those sections.

enacted in 1948 as the equivalent of the habeas writ, § 2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal trial court. The only exception, which we will address below, allows a federal prisoner to bring a habeas petition if a § 2255 proves "inadequate or ineffective." 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir 1997); Application of Galante, 437, F.2d 1164, 1165 (3rd Cir. 1971). The reason Congress initially enacted § 2255 was the difficulty of administering habeas petitions under 28 U.S.C. § 2241. Previously, prisoners had challenged their federal convictions by filing a petition under § 2241 in the district where the prisoner was confined. As a result, the few districts in which federal penal institutions were located had an inordinate number of habeas actions and did not have access to the witnesses and records of the sentencing court. Dorsainvil, 119 F.3d at 249.

    The 1996 amendments retained the original provisions of § 2255 and added both a one-year statute of limitations and restrictions on a prisoner's ability to bring a second or successive motion. The statute of limitations runs from the latest of: 1) the date on which final judgment of conviction becomes final; 2) the date on

5

which impediment to making motion created by the government is lifted; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim could have been discovered.

In addition, Congress required that a second or successive motion must be certified by the appropriate court of appeals. Id. Known as the "gatekeeping provisions," certification restricts a prisoner's ability to bring a second or successive motion by requiring that the new motion contain either: 1) newly discovered evidence that, if proven, would be sufficient to establish that movant was not guilty; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

Prisoners may attempt to circumvent the statute of limitation and gatekeeping provisions of § 2255 by bringing a claim for collateral review of conviction or sentence under § 2241. As noted previously, a § 2241 petition is only available to attack the validity of a conviction or sentence in the very limited situation where a § 2255 is inadequate or ineffective.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a motion under § 2255 is inadequate or ineffective only where it is

established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."  Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F. 2d 681, 684 (3d Cir. 1954)).  It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir 1966).

Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the motion remedy is inadequate and ineffective.  Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...."  Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).  The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy."  Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil

7

also addressed what circumstances make a § 2255 inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Adams acknowledges that his present action is not based on any newly

discovered evidence. He also acknowledges that the federal conviction which he challenges herein was the result of a guilty plea. Unlike <u>Dorsainvil</u>, Petitioner's present claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Based on the foregoing analysis, in this case Petitioner has not established that his remedy under § 2255 is inadequate or ineffective under the standards announced in <u>Dorsainvil</u> and <u>Triestman</u>. Therefore, there is no basis to conclude that he may challenge his federal criminal conviction in a § 2241 petition. Therefore, the filing of a § 2255 motion or an application to file a second or successive § 2255 petition (submitted to the appropriate Circuit Court of Appeals) are the only vehicles available to Petitioner.[5]

## St. Cyr

Petitioner also indicates that pursuant to <u>St. Cyr</u>, his BICE detainer related claim is properly raised in a § 2241 habeas petition before this Court. It is noted that the present petition contains no indication that a final order of deportation has been entered against Adams. However, he clearly appears to be challenging the legality of the BICE detainer on the basis that it is premised on an unconstitutionally obtained federal criminal conviction.

---

[5] The petition does not assert that Adams previously initiated a § 2255 action.

9

In St. Cyr, the United States Supreme Court held that the Antiterroism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)'s elimination of § 212(c) discretionary relief could not be retroactively applied to pre-enactment guilty or nolo contendre pleas. The Supreme Court stated that "section 212(c)[6] is available for aliens, like respondent [St. Cyr] whose convictions, were obtained through plea agreements and who, notwithstanding those convictions would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." St. Cyr, 533 U.S. at 326. The decision relied heavily on the fact that St. Cyr to his detriment entered a plea almost certainly based upon the likelihood that by doing so he would obtain a deportation waiver. See id.

In the present case, Adams clearly states that he was convicted on December 17, 2003. It is that date which "determines which provision determines the alien's entitlement to apply for discretionary relief." Chalas-Zapata v. Ashcroft, 305 F. Supp.2d 333, 338 (S.D. N.Y. 2004). The IIRIRA took effect in April, 1997, long before Adams' conviction. See id. Consequently, this case, unlike St. Cyr, does not involve a pre-enactment conviction and the detrimental reliance which played

---

[6] Under § 212(c), any permanent resident alien present in the United States for seven (7) years or more could apply for a discretionary waiver of deportation.

10

such a critical role with the St. Cyr. Court is not present.[7]  Furthermore, unlike Adams, St. Cyr was not seeking to vacate a federal criminal sentence, and thus did not have the availability of a § 2255 remedy.

Pursuant to the above discussion, the petition for writ of habeas corpus will be dismissed without prejudice.  Petitioner, if he so chooses, may reassert his present challenge in a § 2255 petition or in an application to file a second or successive § 2255 petition before the appropriate Circuit Court of Appeals. Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed without prejudice.

2. The Clerk of Court is directed to close this case.

3. There is no basis for the issuance of a certificate of appealability.

```
        s/James F. McClure, Jr.
```
JAMES F. McCLURE, JR.
United States District Judge

---

[7] Reliance is an essential factor in making a determination as to whether a statute has an impermissibly retroactive effect. Landgraf v. USI Film Products, 511 U.S. 244, 269-70 (1994).